**In re L.D. and Nila McMULLAN.**

**Bankruptcy No. 94–11228 S.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

June 11, 1999.

Robert Depper, El Dorado, AR, for debtor.

Ted Botner, El Dorado, AR, for National Bank of Commerce.

Walter M. Dickinson, Little Rock, AR, trustee.

Frederick S. Wetzel, Little Rock, AR, for trustee.

## ORDER DENYING MOTION TO SET ASIDE DISCHARGE

MARY D. SCOTT, Bankruptcy Judge.

■ THIS CAUSE is before the Court upon the debtors' "Motion to Set Aside Discharge," filed on May 21, 1999, to which a creditor, National Bank of Commerce of El Dorado, has objected. The debtor seeks to set aside his recent chapter 7 discharge on the basis that he has no creditors. A review of the file reveals that this statement is factually inaccurate. Indeed, one of the debtor's own submissions, a motion to dismiss, asserted that four claims have been filed, including one from the National Bank of Commerce.

■ Second, there does not appear to be any authority for the motion. While 11 U.S.C. § 727(d) provides for revocation of a discharge, that section applies only where fraud is demonstrated. Moreover, debtor does not indicate that, were the discharge set aside, he intends to waive his right to discharge. *See* 11 U.S.C. § 727(a)(10). The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure require some form of finality with regard to a debtor in a bankruptcy case. Indeed, Rule 4006, Federal Rules of Bankruptcy Procedure, imposes a duty upon the clerk to advise the creditors of the particular conclusion to the case. A debtor's case is concluded by the discharge, the waiver of discharge, the denial of discharge or dismissal of the case. This Court has previously ruled that dismissal is inappropriate. There is no provision for the form of limbo debtor's motion seems to suggest. Accordingly, it is

**ORDERED** that the debtors' "Motion to Set Aside Discharge," filed on May 21, 1999, is DENIED.

**IT IS SO ORDERED.**